UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSEPH P. McINERNEY,

                        Plaintiff,

    v.                                             No. 05-CV-1267
                                                           (DNH/DRH)

RENSSELAER POLYTECHNIC INSTITUTE,

                        Defendant.

---

**APPEARANCES:**                         **OF COUNSEL:**

JOSEPH HEIN, ESQ.
Attorney for Plaintiff
6568 French's Hollow Road
Altamont, New York 12009

PATTISON, SAMPSON, GINSBERG        MICHAEL E. GINSBERG, ESQ.
   & GRIFFIN, P.C.                      JONATHAN G. SCHOPF, ESQ.
Attorney for Defendant
22 First Street
Troy, New York 12181-0208

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION AND ORDER

Presently pending is the motion of defendant Rensselaer Polytechnic Institute ("RPI") pursuant to Fed. R. Civ. P. 38 and 39 directing that the trial of this case be to a jury. Docket Nos. 75, 80. Plaintiff Joseph P. McInerney ("McInerney") opposes the motion. Docket No. 76. For the reasons which follow, RPI's motion is granted in part and denied in part.

### I. Background

McInerney, then proceeding pro se, commenced this action on October 5, 2005 by filing a complaint asserting twenty-nine claims against RPI and five other defendants under

the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 794.  Compl. (Docket No. 1).  Essentially, McInerney alleged that defendants denied him reasonable accommodations in his graduate studies after he suffered a stroke.  Id.  The complaint itself contained no demand for a trial by jury.  Id.  However, filed with the complaint by McInerney was a "Civil Cover Sheet" required by local rules.  See N.D.N.Y.L.R. 3.1.  It appears that McInerney checked "yes" on the unsigned cover sheet when asked if he demanded a jury trial.  Schopf Aff. (Docket No. 75-2), Ex. B (Docket No. 75-4) at 1.[1]  The cover sheet was served on defendants along with the summons and complaint.  Maniatty Aff. (Docket No. 75-18) at ¶ 2 & Ex. A (Docket No. 75-19).

Although the jury demand section in the cover sheet was unclear, McInerney clearly indicated his intention in the Civil Case Management Plan filed on November 25, 2005.  Docket No. 7 ("CCMP I").  That plan was filed in accordance with a local rule requiring parties to confer and file such a plan in anticipation of the scheduling conference required by Fed. R. Civ. P. 16(b).  See N.D.N.Y.L.R. 16.1(c); N.D.N.Y. Gen. Order 25.  It appears that McInerney filed this plan unilaterally without consultation with defendants' counsel as it contains only McInerney's signature.   CCMP I at 5.  In Question 6 of the plan, McInerney marked "YES" when asked if the parties had filed a jury demand.  Id. at 2.

Defendants thereafter moved to dismiss the complaint before filing an answer.  Docket No. 13.  That motion was granted, McInerney appealed, the order of dismissal was reversed, the case was remanded, and defendants filed their answer on November 27,

---

[1]The letters "ft" (Docket No. 75-4) or "fd" (Docket No. 75-19) are typed in the space indicated for "yes."

2007.  Docket Nos. 27-29, 36, 37.[2]  McInerney then retained an attorney to represent him. Docket No. 42.  A third CCMP was filed on December 28, 2007.  Docket No. 43 ("CCMP III").  That plan, signed by counsel for all parties, responded to Question 6 by indicating "NO" and adding in parentheses that "Plaintiff intends to file such."  Id. at 2.  The scheduling order which followed indicated that the trial would be non-jury.  Docket No. 46 at ¶ 8(b).

On January 31, 2008, McInerney moved for leave to file an amended complaint. Docket No. 47.  The proposed amended complaint appended to the motion stated that a jury trial was demanded.  Proposed Am. Compl. (Docket No. 47-2) at 1.  On March 18, 2008, McInerney's motion was granted in part.  Docket No. 54.  An amended complaint was filed on March 19, 2008 asserting a demand for a jury trial.  Docket No. 55-1 at 1. RPI answered and the case proceeded with discovery.  Docket No. 56.  On January 13, 2009, McInerney's counsel sent an electronic message to RPI's counsel proposing that the parties stipulate to a non-jury trial.  Docket No. 75-14 at 1.  This appears to be the first occasion when McInerney indicated such a desire.  Schopf Aff. at ¶¶ 29-32.  The present motion followed.

## II. Discussion

RPI seeks an order (1) granting it a trial by jury, (2) amending the Uniform Pretrial Scheduling Order (Docket No. 46) to reflect McInerney's demands for a jury trial, and (3) awarding costs and fees incurred in making this motion.  Docket No. 75-1.

---

[2]A second CCMP was filed by RPI on February 3, 2006 before proceedings on defendants' motion to dismiss.  Docket No. 16 ("CCMP II").  This plan marked an "X" in the space in Question 6 for "NO" and stated in parentheses the words "not yet."  Id. at 2.

3

The procedures regarding a demand for a jury trial are set forth in Fed. R. Civ. P. 38 and 39. Rule 38 states in pertinent part:

> **(a) Right Preserved.** The right of trial by jury as declared by the Seventh Amendment to the Constitution--or as provided by a federal statute--is preserved to the parties inviolate.
>
> **(b) Demand.** On any issue triable of right by a jury, a party may demand a jury trial by:
>
> (1) serving the other parties with a written demand--which may be included in a pleading--no later than 10 days after the last pleading directed to the issue is served; and
>
> (2) filing the demand in accordance with Rule 5(d).
>
> . . .
>
> **(d) Waiver; Withdrawal.** A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

Thus, under Rule 38, a party seeking a trial by jury must demand such a trial in the manner prescribed or be deemed to have waived that right. See United States v. Moore, 340 U.S. 616, 621 (1951); S.E.C. v. Masri, 551 F. Supp. 2d 320, 321-22 (S.D.N.Y. 2008) (noting that waivers of the right are not lightly inferred). Once a demand has been made, subsection (d) precludes its withdrawal without the consent of the opposing party and an opposing party is entitled thereby to rely on another party's demand. Rosen v. Dick, 639 F.2d 82, 87 (2d Cir. 1980); Masri, 551 F. Supp. 2d at 321.

The first question presented by RPI's motion is whether McInerney made a valid jury demand upon which RPI was entitled to rely. The Second Circuit has held that even in the absence of a jury demand in a complaint filed by a pro se plaintiff, such a demand

4

contained in the cover sheet suffices to assert the pro se plaintiff's right to a jury trial. See Wright v. Lewis, 76 F.3d 57, 59-60 (2d Cir. 1996).[3]  While no jury demand was contained in McInerney's pro se complaint, it appears that such a demand was asserted in his cover sheet.  See Docket Nos. 75-4 at 1, 75-19.  That portion of McInerney's cover sheet is less than pellucid, but it appears intended to assert a jury demand, an intent corroborated by the unequivocal statement in McInerney's CCMP filed the month following the filing of the complaint.  CCMP I at ¶ 6.[4]  The cover sheet asserting the demand was served on defendants.  See Maniatty Aff. at ¶ 2 & Ex. A.

Thus, McInerney's pro se cover sheet sufficed to state his demand for a trial by jury. RPI has never consented to McInerney's withdrawal of his demand and, accordingly, McInerney's demand remains effective.  Accordingly, RPI's motion to modify the Uniform Pretrial Scheduling Order (Docket No. 46) to reflect McInerney's demand for a trial by jury must be granted and this case shall be designated for trial by jury.

In the alternative, RPI seeks a trial by jury under Rule 39(b).  That rule permits a court discretion to grant a jury trial to a party who has waived its right under Rule 38(d). What appears to be a broad grant of discretion in the rule, however, has been narrowed by

---

[3] An important factor in the Wright decision was that the plaintiff had been granted in forma pauperis status.  Wright, 76 F.3d at 59 ("[W]e find that the outcome in Wright's case is determined by his in forma pauperis status.").  McInerney was granted in forma pauperis status on November 3, 2005.  Docket No. 5.

[4] McInerney does not deny that he asserted a jury demand in the cover sheet.  Pl. Mem. of Law (Docket No. 76-1) at 4); Hein Affirm. (Docket No. 76-2) at ¶ 4.  He asserts only that the cover sheet was never filed with the Court and, therefore, was not effective to assert a demand.  Pl. Mem. of Law at 4); Hein Affirm. at ¶ 4.  As noted in Wright, however, the issue is not filing but service.  Wright, 76 F.3d at 59.  The cover sheet here was served on defendants.  See  Maniatty Aff. at ¶ 2 & Ex. A.

case law in this circuit to the point where a party must now demonstrate more than mere inadvertence in failing to make a timely demand.  See Raymond v. IBM, 148 F.3d 63, 65-68 (2d Cir.1998); Noonan v. Cunard Steamship Co., 375 F.2d 69, 70 (2d Cir. 1967); Hester Indus., Inc. v. Tyson Foods, Inc., 160 F.R.D. 15, 17 (N.D.N.Y. 1995) (McAvoy, C.J.).

      RPI contends that its failure to demand a jury trial owed not to its mere inadvertence but to its reliance on the repeated statements of McInerney that he demanded a trial by jury. RPI was entitled to rely on any such valid demand by McInerney.  See Rosen, 639 F.2d at 87; Masri, 551 F. Supp. 2d at 321.  McInerney repeatedly stated that demand, including in his pro se cover sheet, CCMP I, and the amended complaint filed by his attorney.  Even if those demands failed to satisfy the procedural requirements of Rule 38(b), they reasonably served to induce RPI's reliance on McInerney's intentions, both before and after he was represented by counsel.  When RPI learned in January 2009 that McInerney no longer sought a jury trial, it promptly brought this motion.  Those actions by McInerney and his counsel constitute events beyond the control of RPI and those events, not RPI's inadvertence, caused its delay in moving for a trial by jury.  Therefore, in the alternative, RPI's motion to file a jury demand of its own under Rule 38(b) should be granted.

      RPI also seeks an order directing McInerney to pay the costs and fees incurred by RPI in connection with this motion.  RPI cites no authority for this request.  Even if an award of costs and fees is available, such an award is not merited in these circumstances given the procedural history of this case and the fact that McInerney had at least a colorable basis for his opposition to the motion.  Accordingly, RPI's request for an award of costs and fees will be denied.

6

### III. Conclusion

For the reasons stated above, RPI's motion (Docket No. 75) is:

    1. **GRANTED** as to its request for an order:

        A. Directing that the Uniform Pretrial Scheduling Order (Docket No. 46) be modified to reflect that McInerney has demanded a trial by jury and the Clerk shall amend the docket of this case to so reflect; and

        B. In the alternative permitting RPI leave to file a jury demand and any such demand shall be filed on or before **July 23, 2009**; and

    2. **DENIED** as to its request for an award of costs and fees incurred in connection with this motion.

**IT IS SO ORDERED.**

DATED: July 17, 2009  
        Albany, New York

_David R. Homer_  
United States Magistrate Judge